TELESFORO FERNÁNDEZ & HNO., INC., Plaintiff and Appellee, *v.* JOSÉ A. PÉREZ ET AL., Defendants and the first, Appellant.

No. 11693. Argued January 3, 1956.—Decided April 30, 1956.

*Gaspar Gerena Bras* for appellant. *Félix Ochoteco, Jr.,* for appellee.

Mr. Justice Saldaña delivered the opinion of the Court.

Plaintiff corporation purchased a building in Santurce on June 3, 1954. The previous owners had leased the main story of the property to José Santiago under a month-to-month lease contract, and the latter had subleased two premises on the same floor to José A. Pérez and Pedro Rovira for a monthly rental of $45 and $50 respectively. On June 4, 1954, plaintiff notified Santiago, Pérez, and Rovira that it had purchased the building in question and that they were required to pay the rental directly to it. Approximately 40 days thereafter, on July 15, 1954, plaintiff gave notice in writing to each of the three lessees of the termination of the lease contracts, asking them to vacate the business premises occupied by them within a period of six months, alleging that it needed them, for its own use, in good faith. Santiago vacated the premises voluntarily, but Rovira and Pérez refused to do so. Thereupon plaintiff brought an action of unlawful detainer against them in the Superior Court. Rovira did not answer, his default was entered, and judg-

ment was rendered against him from which he did not appeal. Defendant Pérez, however, answered the complaint of unlawful detainer alleging that there existed a lease contract between him and plaintiff, and that he therefore availed himself of the compulsory extension of lease allowed by the Reasonable Rents Act (17 L.P.R.A. § 192 *et seq.*), inasmuch as plaintiff was not acting in good faith.

At the opening of the trial which was held pursuant to the summary proceeding of unlawful detainer, defendant Pérez moved for leave to incorporate in his answer the following averments: "That subsequent to April 25, 1946, defendant José A. Pérez has made major repairs worth $527 in the premises occupied by him, including a floor, toilet, bathtub, wooden ceiling and roof, in order to render the premises fit for the business to which it is devoted, namely, photography," and that "the owner authorized the defendant to make them . . . ." The lower court denied the motion. At the close of the trial the lower court granted the complaint. Feeling aggrieved, the defendant took this appeal. He contends that the Superior Court erred: (1) in weighing the evidence; (2) in not declaring itself without jurisdiction to take cognizance of the case, pursuant to § 622 of the Code of Civil Procedure (32 L.P.R.A. § 2823); (3) in not declaring itself without jurisdiction to take cognizance of the case, pursuant to Administrative Order No. 7, promulgated March 5, 1953, by the Rent Administration Office; (4) in refusing leave to amend his answer in the manner aforesaid; and, lastly, (5) in holding that plaintiff acted in good faith and awarding to it the sum of $150 for attorney's fees.

All the errors assigned by the defendant are without merit. Regarding the lack of "jurisdiction" under § 622 of the Code of Civil Procedure (32 L.P.R.A. § 2823), it is enough to point out that defendant never moved for a change of venue and, therefore, it was heard in the Superior Court by implied submission of the parties and with the consent of the judge presiding at the time in such part. See Art. V,

§ 2, of the Commonwealth Constitution (Vol. 1 L.P.R.A., p. 197) ; 4 L.P.R.A. § 62, and *Rodríguez* v. *Registrar,* 75 P.R.R. 669 (1953).

 Furthermore, plaintiff complied substantially with the pertinent provisions of Administrative Order No. 7, which was promulgated March 5, 1953, by the Rent Administration (now Office of Economic Stabilization), on the authority of § 5 (*d*) of Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326 *et seq.*), 17 L.P.R.A. § 185.[1] It is true that originally plaintiff did not send a copy of its complaint to the Economic Stabilization Office, nor did it set forth in the complaint that this requirement had been met. Yet, nine days after filing the complaint of unlawful detainer, namely, May 13, 1955, plaintiff sent by registered mail a copy of such complaint to the administrative agency, indicating also the date set for the second hearing of the action, which was held on June 8, 1955. The entire documentary and oral evidence was presented at the hearing. On the other hand, the defendant was at all times duly represented by his attorney. Consequently, it is obvious that the purpose of the requirement of the Administrative Order was complied with: to notify the Economic Stabilization Office to enable it, if deemed necessary, to appear in court to assert the rights granted to tenants by the law and its regulations. It would be inconsistent with substantial justice to hold that plaintiff did not comply in this case with the provisions of the Administrative Order in question.

 The only function of the summary proceeding established by law in a case of unlawful detainer is to recover the actual possession of the property by the ejectment or

---

[1] The order provides that: "From and after 12:01 a.m. of March 6, 1953, plaintiff shall be required, in any action of unlawful detainer in the courts of Puerto Rico, to send copy of the complaint of unlawful detainer to the Rent Administration Office (now Economic Stabilization Office) on the filing date of the complaint. Such copy may be sent through the mail. The original complaint shall contain a certification setting forth that this requirement has been met."

eviction of the lessee or unlawful tenant who occupies the property without paying any rent or consideration. The benefit of the economy and speed of a summary proceeding would be lost if the action is not restricted to the consideration and decision of the only question for which it has been created: the recovery of the material possession in the cases provided by law. Hence, the consideration of all other accessory or collateral rights and questions corresponds only to the ordinary action, and the only pronouncement in a judgment of unlawful detainer is whether or not the ejectment should be ordered.[2] Therefore, in an unlawful detainer proceeding it is not proper to consider or determine money claims which the lessee allegedly has against the dispossessor either for the repairs made during the term of the contract or for any other reason. *Cf. Noriega* v. *District Court*, 60 P.R.R. 441 (1942), and 16 *Jur. Civ.* 2d 468 (Judgment of November 23, 1946). In fact, the summary proceeding of unlawful detainer renders inadmissible any counterclaim brought by the evicted tenant. See *Nueva Enciclopedia Jurídica*, Vol. VII, pp. 119–78 (1955). On the other hand, the existence of things belonging to the lessee in the property involved in the action is no obstacle to the unlawful detainer judgment, if proper, nor even to the eviction itself. As is well known, in order to execute the order of eviction the marshal must evict the lessee and remove the chattels which can be removed from the property. But the law expressly provides that "The fact that the settler or tenant makes claim for *work performed, plants or any other thing which*

---

[2] Thus, an action for the recovery of rental or an action to recover damages may not be joined with the special action of unlawful detainer. *Géigel* v. *District Court*, 64 P.R.R. 334 (1944); *Pérez* v. *District Court*, 57 P.R.R. 749 (1940); *Finlay* v. *R. Fabián & Co.*, 24 P.R.R. 140 (1916); *O'Rourke* v. *Pacheco*, 18 P.R.R. 943 (1912). And the Rules of Civil Procedure are not applicable to unlawful detainer proceedings. *Torres* v. *District Court*, 67 P.R.R. 270, 275 (1947). Compare the restrictions imposed in a proceeding for repossession of personal property pursuant to the Conditional Sales Act: *Universal Credit* v. *Superior Court*, 77 P.R.R. 543 (1954).

*cannot be removed from property* shall not be an obstacle to his ejectment," and, except where a share-cropping contract exists, the court may order such ejectment without a previous appraisal and payment of any of the lessee's chattels which cannot be removed from the property. See 32 L.P.R.A. § 2838; *Peña & Balbás* v. *Toro,* 34 P.R.R. 130 (1925); *Santiago* v. *Berlingeri,* 38 P.R.R. 522 (1928); and *Torres* v. *District Court,* 67 P.R.R. 270 (1947). *Cf. Charneco* v. *Méndez,* 65 P.R.R. 500 (1946). Consequently, we hold that the lower court acted correctly in denying defendant's motion for leave to incorporate in his answer the averments above mentioned.[3]

The Superior Court held that plaintiff needed for its own use, in good faith, the business premises occupied by the defendant in order to devote them to its own business. We have no doubt whatsoever that plaintiff proved to satiety the good faith required by law in order that the action of un-

---

[3] Naturally, the evicted tenant remains at liberty to bring an ordinary action to claim the corresponding compensation for the things which he is bound to leave on the property. Section 637 of the Code of Civil Procedure (32 L.P.R.A. § 2838) provides a special proceeding whereby the evicted tenant may recover the amount assessed upon execution of the ejectment. Although this section seemingly grants to the evicted lessee the right to compensation, without any exception whatsoever, for all the unremovable things belonging to him, including all kinds of improvements, even those for recreation or mere luxury, since it is a procedural provision it must be subordinated, in its declarations of right, to the provisions of the Civil Code and other substantive legislation in force. In other words, the evicted lessee's compensation depends on the rules of the Civil Code and of the Reasonable Rents Act touching the rights and obligations of the lessor and the lessee as to repairs and improvements. See 31 L.P.R.A. §§ 4051–93; 31 L.P.R.A. § 1527; 17 L.P.R.A. § 190; Judgment of the Supreme Court of Spain of May 29, 1952, 38 *Jur. Civ.* 2d 1641, and 37 *Revista de Derecho Privado* 481–84 (1953). In any event, there is no question that in an action of unlawful detainer no pronouncement may be made regarding such compensation. We could not at this time decide whether the defendant in the case at bar is entitled to compensation, nor whether he may bring an action against the dispossessor or merely make a claim against the previous owners of the real estate. Regarding the problems involved in the case of a lessee who constructs on a leased lot, see *Berrocal* v. *District Court,* 75 P.R.R. 79 (1953), 76 P.R.R. 35 (1954); and *Marchand* v. *Montes,* 78 P.R.R. 123 (1955).

lawful detainer may prosper, in accordance with the rules laid down by the Supreme Court in *Roselló Hnos.* v. *Figueroa,* 78 P.R.R. 250 (1955) ; *Heirs of Pérez* v. *Gual,* 75 P.R.R. 361 (1953) ; and *Roselló Hnos.* v. *Figueroa,* 74 P.R.R. 403 (1953). Neither do we find any basis for disturbing the lower court's discretion as to the imposition of attorney's fees.

The judgment will be affirmed.